# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| **HAO THIEU HUYNH** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| v. | § | Civil Action No.  4:26-CV-00017-O |
| | § | |
| **KRISTI NOEM, ET AL,** | § | |
| | § | |
| **Respondents.** | § | |

## MEMORANDUM OPINION & ORDER

Before the Court are Petitioner's Petition for Writ of Habeas Corpus and Complaint for Emergency Injunctive Relief (ECF No. 1); the Government's Response (ECF No. 9); and Petitioner's Reply (ECF No. 13). After considering the briefing and relevant case law, the Court determines that Petitioner's request for Writ of Habeas Corpus and Complaint for Emergency Injunctive Relief is **DENIED**.

## I.    BACKGROUND[1]

Petitioner is a native and citizen of Vietnam who entered the United States in 1983.[2] In 1992, Petitioner was federally convicted of a money-laundering offense and sentenced to a five-year prison term.[3] He was ordered removed by an immigration judge on October 30, 1998.[4] The Government's efforts to remove Petitioner to Vietnam in 1998 were unsuccessful and he was released from custody after approximately six months, on an order of supervision, in 1999.[5] On December 12, 2025, Petitioner attended his annual check-in at the Dallas, Texas ICE Field Office.

---

[1] The undisputed facts are taken from Petitioner's Petition (ECF No.1).
[2] *See* Pet. ¶¶ 2–3, ECF No. 1.
[3] Resp. App. 013, 016, ECF No. 10.
[4] *See* Pet. ¶ 3, ECF No. 1.
[5] Resp. App. 003, ECF No. 10.

He was detained, transferred, and remains detained at the Prairieland Detention Center, in Alvarado, Texas.[6]

Petitioner now argues that he is being held in violation of his Fifth Amendment right to due process, in violation of 8 U.S.C. § 1231(a), and the *Accardi* doctrine.

## II.    LEGAL STANDARD

A person held "in custody in violation of the Constitution or laws or treaties of the United States" can seek relief under a writ of habeas corpus. 28 U.S.C. § 2241(c)(3). "[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). Habeas exists only "to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976).

## III.    ANALYSIS

### A.  Petitioner's Due Process and § 1231 Claims

Petitioner's due process claim and claim for violation § 1231 are closely related. Petitioner contends he is entitled to immediate release because he has been indefinitely detained without any showing that his removal is likely in the reasonably foreseeable future.[7] He argues that detention beyond § 1231(a)(6)'s removal period, and the additional six-month presumptive period, without evidence that removal is likely in the reasonably foreseeable future is illegal.[8] In support of this assertion, Petitioner argues that removal does not appear any more foreseeable today than it was in 1998 because Petitioner does not have any Vietnamese identity documents and is among a large

---

[6] Pet. ¶ 3, ECF No. 1.
[7] *Id.* at ¶¶ 9, 30.
[8] *Id.* at ¶¶ 44, 45 (citing *Zadvydas v. Davis*, 533 U.S. 678 (2001)); *see also* Reply 3–4, ECF No. 13.

group of approximately 8,600 pre-1995 Vietnamese arrivals who have been historically difficult to remove to Vietnam.[9]

The Government argues that Petitioner has not supported his assertions and that circumstances have changed such that there is now a significant likelihood of removal in the reasonably foreseeable future.[10] The Government points to another court's ruling in *Nguyen v. Noem* that analyzed the changed circumstances surrounding removal of pre-1995 arrivals to Vietnam. 797 F. Supp. 3d 651, 658 (N.D. Tex. 2025).

"Section 1231(a)(6) provides, among other things, that when an alien who has been ordered removed is not in fact removed during the 90-day statutory 'removal period,' that alien 'may be detained beyond the removal period' in the discretion of the Attorney General." *Demore v. Kim,* 538 U.S. 510, 527 (2003). In *Zadvydas*, the Supreme Court held indefinite detention pursuant to 8 U.S.C. § 1231(a)(6) would "raise a serious constitutional problem." *Zadvydas*, 533 U.S. at 690. The Supreme Court therefore interpreted § 1231(a)(6) to permit detention beyond the 90-day removal period "only for a period reasonably necessary to secure the alien's removal." *Id.* It concluded that six-months beyond the removal period was presumptively reasonable, but after six months, if "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

There is no dispute that Petitioner is subject to a valid and administratively final order of removal.[11] In revocation of release cases such as this one, there are generally only two scenarios where revoking release and re-detaining Petitioner is permissible under the regulation: violation

---

[9] Reply 1–2, ECF No. 13.
[10] Resp. 4–5, ECF No 9.
[11] Pet. ¶ 23, ECF No. 1 (Petitioner's concession that his "removal order remains final"); Resp. 5, ECF No. 9.

of supervised release or changed circumstances. 8 C.F.R. § 241.13(i). Section 241.13(i)(2), entitled "Revocation for removal," provides that "the Service may revoke an alien's [supervised] release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2).

As the court in *Nguyen* noted, the United States and Vietnam had at some point entered into an agreement governing the repatriation of Vietnamese nationals who had arrived in the United States after July 12, 1995, but it had been difficult for the United States to remove Vietnamese aliens who had entered the country prior to 1995. 797 F. Supp. 3d at 658. "[I]n 2020 the United States and Vietnam entered into a new Memorandum of Understanding that created a process of removal for pre-1995 arrivals." *Id.* The Government represents that "as part of general efforts to step up immigration enforcements efforts under the new Administration beginning in January 2025, the Government has been making a concerted efforts to execute removals to Vietnam that might not have been possible in the past, and has been successful in removing more and more Vietnamese citizens with final orders of removal, including pre-1995 arrivals."[12] Petitioner was re-detained pursuant to these changed circumstances.[13]

Petitioner argues that "there is no significant likelihood that Petitioner will be granted a Vietnamese travel document in the reasonably foreseeable future because Petitioner lacks any proof of his Vietnamese citizenship. Petitioner lacks a valid Vietnamese passport. To the best of his knowledge, Petitioner also lacks a Vietnamese birth certificate."[14] But such assertions alone

---

[12] Resp. 2, ECF No 9.
[13] *Id.*
[14] Reply 8, ECF No. 13.

are insufficient to undermine the Government's determination that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future.

Courts "'must ask whether the detention in question exceeds a period reasonably necessary to secure removal,'" while "tak[ing] appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive [DHS] efforts to enforce this complex statute, and the Nation's need to 'speak with one voice' in immigration matters.'" *Nguyen*, 797 F. Supp. 3d at 659 (quoting *Zadvydas*, 533 U.S. at 699–700).

As the court noted in *Nguyen*, although historically the Government had not been able to successfully remove many pre-1995 arrivals to Vietnam, "the undisputed evidence is that relationships between the two countries has changed since January 2025, travel documents are being approved, and removals are happening at an increasing rate." *Nguyen*, 797 F. Supp. 3d at 668. Specifically, in fiscal year 2024, 58 people were removed to Vietnam in accordance with removal orders, and in fiscal year 2025 there have been 327 pre-1995 persons removed.[15] Such a significant increase in removed persons from the group that Petitioner belongs to is sufficient evidence of a drastic change in circumstances.

The Government has shown that Petitioner has filled out paperwork to apply for travel documents to Vietnam and that request has been sent to the Vietnamese consulate.[16] This effort on the part of the Government combined with recent increase in travel document approvals and subsequent removals of pre-1995 arrivals to Vietnam shows that there is a "significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2).

---

[15] Resp. App. 003, ECF No. 10.
[16] *Id.* at 003, 023–032.

Accordingly, Petitioner's detention at this time is proper and does not offend the Constitution. *See Zadvydas*, 553 U.S. at 689.

### B.  Petitioner's Claim Under *Accardi*

Petitioner's third and final claim is brought under the *Accardi* doctrine, which requires agencies to follow their own rules and procedures.[17] *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954); *Morton v. Ruiz*, 415 U.S. 199, 235 (1974) ("Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures."). The Government responds that it has complied with all regulations applicable to detention and removal under § 241.13(i). Regardless of the underlying merits. Petitioner's claim under *Accardi* is inapposite in a petition for habeas relief.

Habeas review is limited to the cause of detention. *Pierre*, 525 F.2d at 935–36. The sole function of habeas is "to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose." *Id*. Claims improperly brought under habeas should be dismissed for lack of jurisdiction. *Lee v. Gonzales*, 410 F.3d 778, 785 (5th Cir. 2005). The "Fifth Circuit has confirmed in other contexts that the failure of officials 'to follow their own policies, without more, does not constitute a violation of due process,' making a writ of habeas corpus generally not available." *Nguyen*, 797 F. Supp. 3d at 664 (quoting *Iruegas-Maciel v. Dobre*, 67 F. App'x 253, 253 (5th Cir. 2003) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996))).

Petitioner does not show that he has a constitutional right to the kind of notice and informal interview specified in the regulations—which in any event he has likely received. *See Nguyn*, 797 F. Supp. 3d at 664 ("Nguyen has not asserted that he had any constitutional right to notice and this informal interview. A violation of Section 241.13(i)(3) alone cannot justify habeas. It is a mere

---

[17] Pet. ¶¶ 50–51, ECF No. 1.

administrative regulation, not required as the result of the Constitution." (internal citation omitted)). Accordingly, Petitioner's claim under the *Accardi* doctrine is **DENIED** for want of jurisdiction.

### IV.    CONCLUSION

For the reasons stated above, Petitioner's Petition for Writ of Habeas Corpus and Complaint for Emergency Injunctive Relief (ECF No. 1) is **DENIED** and **DISMISSED with prejudice.**

**SO ORDERED** on this **12th day** of **March, 2026.**

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**